Freeman, J.,
delivered the opinion of the Court.
The questions presented in this case are raised on tne following agreed state of facts. On the 14th of March, 1866, James M. Peebles filed his attachment bill, and attached the lands in controversy on the same day. Johnson and Hawkins filed their bill, and had their attachment levied on the same land. On the 24th of March, 1866, B. M. Hatcher and others filed their bills, and had attachments levied. On the 10th of April the administrator of William Jordan, deceased, *371 filed his bill, and had an attachment levied. On the 20th of March, John W. Eubanks sued out an attachment at law ancillary to a suit then pending, which was levied on the same land.
Afterwards, at the November Term, 1866, Eubanks had ' judgment, in which an order of sale was issued to sell the lands, which was done in March, 1867, and he became the purchaser. On 29th of October, 1868, the Sheriff made him a deed for the land, which has not been registered.
On the 6th of February, 1868, John C. Bostick, the debtor, filed his application in bankruptcy, and an assignment of his property was made by the assignee on 10th of April, 1868. No discharge was ever had by Bostick, he having died on 28th October, 1868, intestate; and John M. Jordan was appointed his administrator. Objections to his discharge have been filed, and the matter of bankruptcy is still pending.
In addition to the above facts, it is shown that on 20th of March, 1866, Bostick made a deed of trust conveying this land to a trustee for the payment of debts.
On this state of facts, the question is submitted for our decision, whether the widow of Bostick is entitled to dower in the lands mentioned in the pleadings.
A number of questions are presented and argued with great earnestness before us by counsel; but as one question presented is conclusive of the precise point submitted to us, we content ourselves with disposing of the case on this question alone.
We held at Jackson, at the last term, in the case of *372 Caroline Hill v. Thomasha Bowers et als. — opinion by Judge Deaderick — that by the execution of the assignment in bankruptcy, or. conveyance by the Register in Bankruptcy to the assignee, the title to the land of the bankrupt was divested out of him and vested in the assignee, and consequently the intestate did not die “seized and possessed of the same,” and that the widow could not claim dower in such lands.
That case is identical in its facts with the one now before us, the land having been assigned by deed of trust by the husband in 1865. The only difference we perceive between the two cases is, that in the case cited the land had been sold under the proceedings in bankruptcy, but we do not perceive that this changes the principle. Following this case, it must be held that the widow of Bostick had no right to dower in his lands; that he did not die seized of them, but had parted with all interest in them whatever by the assignment in bankruptcy. What is or may be the effect of the dismissal of the bankrupt proceedings we do not pretend to decide in this case, or whether or not in the event of the dismissal of said suit in bankruptcy, the widow might not stand as she stood before the proceedings were instituted, is a question on which there ought to be grave doubts. It is not before us, and we have not examined it.
The decree will be drawn in accordance with this opinion, and the case remanded for further proceedings.